UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-CCS-14 |
| CASSAUNDRIA NICHOLE SWEAT, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motions for a sentence reduction [Doc. 1396; Doc. 1408]. The defendant moves the Court to resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 1409], deferring to the Court's discretion as to whether, and to what extent, to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

## I. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted).

If the reviewing court determines that the defendant is eligible for a sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). In making this determination, the reviewing court also should consider the danger to the public created by any reduction in the defendant's sentence and may consider the defendant's post-sentencing conduct. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B).

II.     **Factual Background**

The defendant pleaded guilty to and was convicted of conspiring to manufacture 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Doc. 346; 664]. At the time of sentencing, the defendant was held
2

responsible for 34 grams of actual methamphetamine [Doc. 1408 p. 2; Doc. 1409 p. 3]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 28 [*Id.*]. The defendant received a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 25 [*Id.*]. Given the defendant's criminal history category of II, the defendant's guideline range would have been 63 to 78 months' imprisonment, but she was subject to a mandatory minimum term of imprisonment of 120 months [*Id.*]. Therefore, the defendant's guideline range was restricted to the mandatory minimum [*Id.*].

Before sentencing, the government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and section 5K1.1 of the Sentencing Guidelines [*Id.*]. The Court granted that motion and sentenced the defendant to 75 months' imprisonment, which is 38 percent below the defendant's restricted guideline range [*Id.*]. According to the parties, the defendant is presently scheduled for release on September 4, 2018 [*Id.*].

**III. Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities set forth in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

3

Section 1B1.10 of the Sentencing Guidelines addresses reductions under § 3582(c)(2):

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.

U.S. Sentencing Guidelines Manual § 1B1.10(b). Amendment 782 is listed in subsection (d). *Id.* § 1B1.10(d).

A defendant's amended guideline range is calculated by using the procedures set forth in section 1B1.1(a). *Id.* § 1B1.10 cmt. n.1(A); *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013). Accordingly, in calculating a defendant's amended guideline range, the reviewing court ordinarily must first substitute the revised base offense level provided by Amendment 782 and then apply the trumping provisions of sections 5G1.1 and 5G1.2 as appropriate. *See Joiner*, 727 F.3d at 605 (discussing the procedure for calculating a defendant's amended guideline range in light of the revised base offense levels for crack cocaine offenses provided by Amendment 750).

Section 5G1.1 provides, in relevant part, that "[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. Sentencing Guidelines Manual § 5G1.1(b). Section 5G1.2 provides, in relevant part, that "the

4

sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently." *Id.* § 5G1.2(a).

Therefore, defendants whose sentences were subject to the trumping provisions of sections 5G1.1 and 5G1.2 ordinarily are not eligible for a sentence reduction as a result of Amendment 782, because their original sentences were not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and a reduction would not be permitted by the applicable policy statements issued by the Sentencing Commission. *See Joiner*, 727 F.3d at 604–09 (finding that a defendant was not eligible for a sentence reduction under Amendment 750); *United States v. Williams*, 512 F. App'x 594, 597–600 (6th Cir. 2013) (same).

Section 1B1.10(c) alters this analysis for defendants who have received a departure below a mandatory minimum sentence for their substantial assistance to the government. *See* 18 U.S.C. § 3553(e) (providing that a departure below a mandatory minimum sentence for a defendant's substantial assistance "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code"). For this class of defendants, "the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2

(Sentencing on Multiple Counts of Conviction)." U.S. Sentencing Guidelines Manual § 1B1.10(c). Here, the defendant is among the class of defendants covered by section 1B1.10(c). Therefore, as the government concedes, she is eligible for a sentence reduction pursuant to § 3582(c)(2).

Because the trumping provisions of sections 5G1.1 and 5G1.2 no longer apply, the Court calculates the defendant's amended guideline range by first substituting the appropriate revised base offense level provided by Amendment 782, and then making any adjustments in accordance with the defendant's original sentence. *Id.* § 1B1.10(b)(1) (providing that "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected"). Therefore, the defendant's revised base offense level is 26, and her new total offense level is 23. A total offense level of 23 and a criminal history category of II results in an amended guideline range of 51 to 63 months' imprisonment. *Id.* § 5A.

The Court may depart downward from this amended range in an amount comparable to the downward departure that the Court originally granted for the defendant's substantial assistance. *Id.* § 1B1.10(b)(2)(B). Because the defendant originally received a 38 percent departure from the restricted guideline range, she is eligible for a reduced sentence of 32 months' imprisonment.

6

In determining the appropriate amount by which to reduce the defendant's sentence, the Court considers the sentencing factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and the defendant's post-sentencing conduct. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B).

The Court finds as an initial matter that the § 3553(a) factors that applied at the time of the defendant's sentencing also apply today. In regard to these factors and in the context of the instant motion, the Court considers the nature and circumstances of the defendant's offense—conspiracy to manufacture 5 grams or more of methamphetamine—and her role in the offense, along with her history and characteristics.

The Court also considers the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[1] Further, the Court considers the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a).

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

7

Regarding the defendant's post-sentencing conduct and the risk of danger to the community resulting from a sentence reduction, the Court notes that the defendant has not incurred any disciplinary sanctions while incarcerated, and the government states that it has no specific information to present in opposition to a sentence reduction [Doc. 1409 p. 4]. Thus, the defendant's post-sentencing conduct has been acceptable, and it does not appear that a sentence reduction will create an inordinate risk of danger to any person or the community.

After considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction to a term of 32 months' imprisonment is appropriate. In making this determination, the Court is particularly influenced by the changes in base offense levels resulting from Amendment 782. The Court has also taken into consideration the risk that the defendant poses to public safety, the nature and circumstances of the defendant's offense, the defendant's personal history and characteristics, and the defendant's post-sentencing conduct.

### III. Conclusion

For these reasons, the defendant's motions [Doc. 1396; Doc. 1409] are **GRANTED**, and the defendant's sentence is **REDUCED** to **32 months' imprisonment**. If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated October 9, 2013 [Doc. 664], shall remain in effect. The effective date of this order is **November 2, 2015**. U.S. Sentencing Guidelines Manual § 1B1.10(e)(1).

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE